[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13632

_____

D.C. Docket No. 1:99-cr-00125-KMM-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR PLESS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 25, 2021)

Before JILL PRYOR, NEWSOM and MARCUS, Circuit Judges.

PER CURIAM:

Arthur Pless, a federal prisoner, appeals the district court's denial of his motion for a sentence reduction under § 404(b) of the First Step Act. After careful consideration, we affirm.

I.

In 1999, a federal grand jury charged Pless with conspiring to possess with intent to distribute more than five kilograms of powder cocaine and more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 2); distributing more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 15); and conspiring to use and carry a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 16). Pless proceeded to trial, and the jury returned a general verdict convicting him on these three counts. The district court sentenced Pless to concurrent terms of life imprisonment on Counts 2 and 15, and 240 months' imprisonment on Count 16. On direct appeal, we affirmed Pless's convictions and sentences. *See United States v. Baker*, 432 F.3d 1189 (2005).

In 2010, Congress passed the Fair Sentencing Act to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity). The Fair Sentencing Act increased the quantity of crack cocaine necessary to

2

trigger the highest statutory penalties from 50 grams to 280 grams and the intermediate statutory penalties from five grams to 28 grams.  *See* Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii).  The Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after its effective date.  *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Congress subsequently passed the First Step Act of 2018, Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222 (2018).  Among other things, the First Step Act gives district courts the discretion "to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective."  *United States v. Jones*, 962 F.3d 1290, 1293 (11th Cir. 2020).

After the First Step Act went into effect, Pless, proceeding *pro se*, moved for a sentence reduction under the Act.  The government opposed Pless's motion.  It argued both that he was ineligible for a sentence reduction under the First Step Act and that, even if he were eligible, the court should decline to exercise its discretion to reduce his sentences.  Pless did not file a reply.

The district court denied the motion.  First, the court concluded that Pless was not eligible for a sentence reduction under the First Step Act.  Second, the court ruled in the alternative that "even if the First Step Act *did* support a reduction in [Pless's] sentence, the Court would nonetheless decline to exercise its

3

discretion." Doc. 1387 at 3 (emphasis in original).[1] The district court explained that it had weighed the 18 U.S.C. § 3553(a) factors,[2] mentioning specifically "the seriousness of the present offenses, the reprehensible nature of [Pless's] conduct, including the murders of six individuals in furtherance of the drug conspiracy at issue, the need to promote the rule of law and provide adequate deterrence, and to protect the public from further crimes." *Id.* Pless, now represented by counsel, appeals.

## II.

We review for an abuse of discretion a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act. *Jones*, 962 F.3d at 1296. "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly

---

[1] "Doc." numbers refer to the district court's docket entries.

[2] Section § 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training. 18 U.S.C. § 3553(a)(2). In imposing a sentence, a court also should consider: the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the Sentencing Guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)–(7).

erroneous." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (internal quotation marks omitted).

III.

District courts generally lack the authority to modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). But the First Step Act permits district courts to reduce some previously-imposed terms of imprisonment for offenses involving crack cocaine. *See* First Step Act § 404. When a movant has a "covered offense," a district court has discretion to grant a sentence reduction and shall impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404(b).

In *Jones*, we addressed when the First Step Act authorizes a district court to reduce a movant's sentence. To be eligible for a sentence reduction, a movant must have a "covered offense," meaning he has to have been sentenced for a crack-cocaine offense that triggered the higher penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Jones*, 962 F.3d at 1298. But even when a movant has a covered offense, a district court is not necessarily authorized to reduce his sentence because the First Step Act specifies that the district court must impose a reduced sentence "as if" the Fair Sentencing Act had been in effect at the time the covered offense was committed. *Id.* at 1303 (internal quotation marks omitted). When a movant's sentence is

already equal to what his mandatory-minimum sentence would have been under the Fair Sentencing Act, he is ineligible for a sentence reduction because his "sentence would have necessarily remained the same had the Fair Sentencing Act been in effect." *Id.*

That a district court is authorized to reduce a movant's sentence does not mean it must do so. *Id.* at 1304. A district court has "wide latitude to determine whether and how to exercise [its] discretion in the [First Step Act] context." *Id.* A district court's explanation for its decision whether to exercise its discretion need not be "lengthy," but the court "must adequately explain its sentencing decision to allow for meaningful appellate review." *United States v. Stevens*, No. 19-12858, __ F.3d __, 2021 WL 1997011, at *7 (11th Cir. May 19, 2021). The decision must demonstrate that the district court "considered the parties' arguments" and had "a reasoned basis for exercising its own legal decisionmaking authority." *Id.* (alteration adopted) (internal quotation marks omitted). When the "explanation is inadequate in a particular case, we will send the case back to the district court for a more complete explanation." *Id.* (alterations adopted) (internal quotation marks omitted).

In this case, the district court denied Pless's motion on two alternative grounds: first, that he was ineligible for relief, and second, that "even if the First Step Act *did* support a reduction in [Pless's] sentence, the Court would nonetheless

decline to exercise its discretion." Doc. 1387 at 3 (emphasis in original). Assuming Pless is correct that the district court erred in finding him ineligible for a sentence reduction, we nonetheless cannot say the court abused its discretion in denying his motion.

Pless argues that the district court abused its discretion in ruling on the alternative ground because it failed to address—in sufficient detail to allow for meaningful appellate review—why it was denying a sentence reduction. He says that the district court's explanation was insufficient because we cannot tell whether the court considered all the § 3553(a) factors. But in deciding whether to exercise its discretion to reduce a sentence under the First Step Act, "a district court may, but is not required to, consider the § 3553(a) factors." *United States v. Potts*, No. 19-12061, __ F.3d __, 2021 WL 1996881, at *3 (11th Cir. May 19, 2021).

The relevant question for our purposes is whether the reasoning in the district court's decision was sufficient to allow meaningful appellate review. *See id.* Here, we can discern from the district court's decision that the court considered the parties' arguments and had a reasoned basis for declining to reduce Pless's sentences. Although the district court's discussion of why it decided not to reduce the sentences was relatively brief, the order reflects that the court considered the parties' arguments and rested its decision on the seriousness of the offense; the nature and circumstances of the offense, which included the murders of six

7

individuals; the need to promote the rule of law; the need to provide adequate deterrence; and the need to protect the public from further crimes of the defendant. This explanation was sufficient to permit meaningful appellate review. *See id.*; *see also United States v. Eggersdorf*, 126 F.3d 1318, 1322–23 (11th Cir. 1997) (concluding that district court provided sufficient explanation for denying a sentencing reduction based on a change to the Sentencing Guidelines when the court stated that it had considered the government's brief in opposition, which set out and addressed the § 3553(a) factors).[3]

Pless urges us to vacate the district court's order for another reason as well—that the court's decision not to exercise its discretion may have been influenced by its mistake of law regarding his eligibility for a sentence reduction. But the district court's order shows that the court accepted for purposes of its alternative ruling that it had the authority to grant Pless's motion. We are thus "fully able to discern the district court's two alternative bases" for denying a sentence reduction and may affirm on the latter basis. *Potts*, 2021 WL 1996881, at *4.

---

[3] Pless argues that the "[district] court did not allow" him to raise any arguments about the § 3553(a) factors or to address his "history and characteristics." Appellant's Br. at 33. But we see no indication in the record that the district court prohibited Pless from addressing the § 3553(a) factors or any other considerations. This is not a case where the district court denied a motion for a sentence reduction without giving the defendant any opportunity to be heard on the motion. *See United States v. Russell*, 994 F.3d 1230, 1240 n.9 (11th Cir. 2021) (majority op.); *id.* at 1242–43 (Branch., J, concurring).

Even assuming the district court erred in concluding that Pless was ineligible for a sentence reduction under the First Step Act, we cannot say that the court abused its discretion when it declined to reduce his sentences.[4]

**AFFIRMED.**

---

[4] Also pending before us is Pless's Motion to Supplement the Appendix, which seeks to add the transcript from his sentencing hearing to the appendix he filed with this Court. The transcript is already part of the record on appeal, however. We deny the motion as moot.