[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10806
Non-Argument Calendar

_____

D.C. Docket No. 1:97-cr-00509-FAM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONCIO PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 27, 2021)

Before JILL PRYOR, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Leoncio Perez, a federal prisoner, appeals the district court's denial of his motion for a reduction of sentence under § 404(b) of the First Step Act of 2018. Because the district court lacked the authority to reduce his sentences, we affirm.

I.

In 1997, a grand jury charged Perez with one count of conspiring to possess with intent to distribute cocaine and one count of possessing with intent to distribute cocaine. Prior to trial, the government notified Perez that it intended to seek enhanced sentences on each count based on his prior convictions for felony drug offenses. *See* 21 U.S.C. § 851(a)(1). At trial, the jury returned a guilty verdict on both counts. The verdict form did not require the jury to determine whether the offenses involved crack cocaine or powder cocaine or the quantity of drugs involved in each offense.

At Perez's sentencing, the district court found that Perez was responsible for 616.4 grams of crack cocaine. Given this drug quantity and Perez's prior convictions for felony drug offenses, the district court imposed a mandatory life sentence on each count, with the sentences to run concurrently.

Perez appealed, challenging his convictions and life sentences. We affirmed. We held that the district court's drug-quantity determination was not clearly erroneous and the district court did not err applying in the mandatory life sentence provision in 21 U.S.C. § 841(b)(1)(A).

In 2010, Congress passed the Fair Sentencing Act to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the quantity of crack cocaine necessary to trigger intermediate statutory penalties from 5 grams to 28 grams. *See* Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii). But the Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after the Fair Sentencing Act's effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Congress subsequently passed the First Step Act of 2018, Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222 (2018). Among other things, the First Step Act gives district courts the discretion "to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." *United States v. Jones*, 962 F.3d 1290, 1293 (11th Cir. 2020).

After the First Step Act went into effect, Perez filed a motion in the district court seeking a sentence reduction. The district court denied the motion. This is Perez's appeal.

3

II.

We review *de novo* whether a district court had authority to modify a term of imprisonment under the First Step Act. *Jones*, 962 F.3d at 1296.

III.

District courts generally lack the authority to modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). But the First Step Act permits district courts to reduce some previously-imposed terms of imprisonment for offenses involving crack cocaine. *See* First Step Act § 404. When a movant has a "covered offense," a district court has discretion to grant a sentence reduction and shall impose a sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404(b).

In *Jones*, we addressed when the First Step Act authorizes a district court to reduce a movant's sentence. We explained that to be eligible for a sentence reduction, a movant must have a "covered offense," meaning he has to have been sentenced for a crack-cocaine offense that triggered the higher penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Jones*, 962 F.3d at 1298. But even when a movant has a conviction for a covered offense, a district court is not necessarily authorized to reduce his sentence because the First Step Act specifies that the district court has to impose a reduced sentence "as if" the Fair Sentencing Act had been in effect at the time the covered offense was committed. *Id.* at 1303 (internal quotation marks

4

omitted).  When a movant's sentence is already equal to what his mandatory-minimum sentence would have been under the Fair Sentencing Act, he is ineligible for a sentence reduction because his "sentence would have necessarily remained the same had the Fair Sentencing Act been in effect."  *Id.*

To determine what a movant's statutory penalty would have been if the Fair Sentencing Act had been in effect at the time he committed his offense, "a district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing."  *Id.*  In *Apprendi v. New Jersey*, the Supreme Court held that a finding that increases a defendant's punishment beyond the prescribed statutory maximum must be made by a jury based on a beyond-a-reasonable-doubt standard of proof.  530 U.S. 466, 490 (2000).  Prior to *Apprendi*, district courts frequently made findings at sentencing hearings about the quantity of drugs involved an offense and these findings were then used to determine whether defendants were subject to enhanced statutory penalties under § 841(b).  *See United States v. Sanchez*, 269 F.3d 1250, 1266–67 (11th Cir. 2001) (en banc), *abrogated on other grounds by United States v. Duncan*, 400 F.3d 1297 (11th Cir. 2005).  In *Jones*, we concluded that for movants who were sentenced prior to *Apprendi*, courts should use the drug-quantity finding made at sentencing to determine what the movant's penalty range would have been under the Fair Sentencing Act because this finding was used to

set the movant's statutory penalty range. *Jones*, 962 F.3d at 1302; *see United States v. Russell*, 994 F.3d 1230, 1237 n.7 (11th Cir. 2021).[1]

On appeal, Perez argues that the district court erred in concluding that he was ineligible for a sentence reduction. We conclude that Perez's convictions qualify as covered offenses because he was sentenced for crack-cocaine offenses that triggered the higher penalties in § 841(b)(1)(A)(iii) or (B)(iii). *See Jones*, 962 F.3d at 1298. That Perez satisfied the covered offense requirement is not the end of the inquiry, however. We also must consider whether Perez already had been sentenced "as if" the Fair Sentencing Act had been in effect at the time the covered offense was committed. *Id.* at 1303 (internal quotation marks omitted). Because Perez was convicted and sentenced before the Supreme Court's decision in *Apprendi*, we look to the drug quantity finding made at sentencing to determine what Perez's statutory penalty range would have been under the Fair Sentencing

---

[1] In *Jones*, we acknowledged that the Supreme Court's decision in *Apprendi* made clear that the practice of using judge-made findings to increase the statutory penalty ranges a defendant faced was—and always had been—unconstitutional. *See Jones*, 962 F.3d at 1302. We nevertheless concluded that for a pre-*Apprendi* movant a court should look to a drug-quantity finding made at sentencing to determine what a movant's penalty range would have been under the Fair Sentencing Act, explaining that "just as a movant may not use *Apprendi* to collaterally attack his sentence, he cannot rely on *Apprendi* to redefine his offense for purposes of a First Step Act motion." *Id.* (citation omitted). Some members of our Court disagree with this analysis. *See United States v. Jackson*, No. 19-11955, __ F.3d __, 2021 WL 1728590, at *6 (11th Cir. May 3, 2021) (Martin, J., dissenting from denial of reh'g en banc). Regardless, under our prior-panel-precedent rule, we are bound by *Jones*. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) (recognizing that "the holding of the first panel to address an issue is the law of this Circuit" and "bind[s] all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court").

Act.  *Jones*, 962 F.3d at 1302; *see Russell*, 994 F.3d at 1237 n.7.  Given the district court's finding that the offenses involved 616.4 grams of crack cocaine and Perez's prior convictions for felony drug offenses, he would have been subject to mandatory life sentences if the Fair Sentencing Act had been in effect at the time he committed the offenses.  *See* 21 U.S.C. § 841(b)(1)(A)(i) (2011).  Because Perez's life sentences necessarily would remain the same under the Fair Sentencing Act, the district court lacked the authority to reduce his sentences.  *See Jones*, 962 F.3d at 1303.

   **AFFIRMED.**