[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11350

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TREMAIN HAMILTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:08-cr-00061-LC-EMT-4

_____

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Tremain Hamilton appeals the district court's denial of his motion for a reduced sentence under § 404(b) of the First Step Act. The district court found that he was eligible for a sentence reduction but declined, in its discretion, to reduce the sentence. The court stated that it considered "the revised statutory ranges under the [First Step Act], the Sentencing Guidelines, and the sentencing factors set out in 18 U.S.C. § 3553(a)." Guiding its discretion, the court relied on the fact that Hamilton already received a reduced sentence under Amendment 782 of the Sentencing Guidelines, and "the fact that Defendant's participation in the drug conspiracy involved violence, a significant quantity of drugs, and the involvement of a minor." These latter facts took on added importance, the court said, because Hamilton's record is "littered with infractions for drugs, illicit monetary transactions, and unauthorized engagement in sexual acts."

We review a district court's decision to deny a sentence reduction for abuse of discretion. *United States v. Russell*, 994 F.3d 1230, 1239 (11th Cir. 2021). "A district court abuses its discretion when it applies an incorrect legal standard or makes a clear error of judgment." *United States v. Stevens*, 997 F.3d 1307, 1312 (11th Cir. 2021).

The district court ruled on Hamilton's motion prior to the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). That decision held that "the First Step Act requires district courts to consider intervening changes when parties raise them." *Id.* at 2396. This includes intervening changes in law. *Id.* Hamilton argued to the district court that due to a separate (nonretroactive) change in the First Step Act, his prior conviction no longer supported a sentencing enhancement under 21 U.S.C. § 841(b)(1). Accordingly, if he were sentenced today, he would face a mandatory minimum sentence of ten years instead of twenty years. The district court acknowledged this argument but Eleventh Circuit precedent at the time prohibited consideration of intervening changes in the law other than those mandated by sections 2 and 3 of the Fair Sentencing Act when exercising discretion under § 404(b). *See United States v. Taylor*, 982 F.3d 1295, 1302 (11th Cir. 2020), *abrogated in part by Concepcion*, 142 S. Ct. at 2396. The district court's order accordingly does not indicate whether the court understood that it was authorized to reduce the sentence of an otherwise-eligible defendant based on this intervening change in the law. We therefore vacate the judgment of the district court and remand this case for further consideration.

Hamilton also challenges the district court's finding that "Defendant's participation in the drug conspiracy involved violence" as clearly erroneous. On appeal, the government does not refer to any record evidence that would support the court's

4                    Opinion of the Court                    22-11350

conclusion and instead argues that the violent acts of his co-conspirators should be attributed to Hamilton.  But the district court's finding was that *Hamilton*'s participation involved violence and there is no record evidence of Hamilton's violence to support this conclusion.  Accordingly, the district court also abused its discretion by relying on a clearly erroneous fact.

**VACATED** and **REMANDED.**