[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11409

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND CHARLES LEE,
a.k.a. Pete,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:93-cr-00209-SDM-AAS-1

————————————

Before NEWSOM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Raymond Charles Lee, a federal prisoner serving life sentences for one count of conspiracy to distribute crack cocaine and two counts of distributing "50 grams or more" of crack cocaine, appeals the district court's denial of his *pro se* motion for a sentence reduction under § 404(b) of the First Step Act of 2018. *See* Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). Lee contends that the district court erred in denying his motion for a sentence reduction because it relied on a judge-made finding of drug quantity—rather than on the drug quantity charged in his indictment—to determine that he was ineligible for resentencing under the First Step Act. Our cases require us to affirm.

"We review de novo . . . whether a district court had the authority to modify a term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1301 (11th Cir. 2020), *cert. granted, judgment vacated sub nom. Lavell Jackson v. United States*, 214 L. Ed. 2d 121, 143 S. Ct. 72 (2022), and *opinion reinstated on reconsideration sub nom. United States v. Jackson*, --- F.4th ---, 2023 WL 1501638 (11th Cir. Feb. 3, 2023).

The First Step Act allows district courts to reduce a previously imposed prison sentence, but only if the defendant was charged and sentenced for a "covered offense." § 404(b), 132 Stat. 5194, 5222. A "covered offense" is an offense that "triggered a

statutory penalty that has since been modified by the Fair Sentencing Act." *Jones*, 962 F.3d at 1301. For these covered offenses, the sentencing court may "reduce[] [the] sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." § 404(b), 132 Stat. 5194, 5222. Relevant here, the Fair Sentencing Act bumped the quantity of crack cocaine required to trigger heightened penalties from 50 grams to 280 grams. Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372, 2372. But in deciding whether a sentence for a covered offense is eligible for reduction, "the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." *Jones*, 962 F.3d at 1303.

Lee was sentenced for conspiracy to distribute 654 grams of crack cocaine, far above the 2010 Fair Sentencing Act's threshold of 280 grams. Having been previously convicted of two felonies, Lee was sentenced to life in prison. Under the 2010 Fair Sentencing Act, his original sentence wouldn't change: Sections 2 and 3 still impose a mandatory life prison term on a defendant who distributes more than 280 grams of crack cocaine and has two prior felonies. Fair Sentencing Act § 2(a)(1)(2); 21 U.S.C. § 841(b)(1)(A). So long as the 654-gram figure is correct, Lee is ineligible for a sentence reduction under the First Step Act.

While Lee seems to concede that the district court is bound by a previous finding of drug quantity, he claims that the district court's reliance on the 654-gram figure was erroneous because a

judge—rather than a jury—found that amount. Lee contends that the district court instead should have relied on the 50-gram amount as charged in his indictment, an amount that would render him eligible for a reduced sentence under the 2010 Fair Sentencing Act.

In *Apprendi v. New Jersey*, the Supreme Court held that a drug-quantity finding that increases a defendant's punishment must be made by a jury applying the beyond-a-reasonable-doubt standard. 530 U.S. 466, 490 (2000). But whether a court is bound to a judge-made drug-quantity finding to determine a defendant's Fair Sentencing Act statutory penalty range depends on whether the movant was sentenced before or after *Apprendi*. *United States v. Russell*, 994 F.3d 1230, 1237 n.7 (11th Cir. 2021).

If a defendant was sentenced *after Apprendi*, the district court on resentencing "generally cannot look to a drug-quantity finding made at sentencing because that determination was made solely for the purpose of identifying the movant's relevant conduct under the Sentencing Guidelines, not for setting his statutory penalty range." *Id.* (citing *Jones*, 962 F.3d at 1301–02). But if the defendant was sentenced *before Apprendi*, then the district court may consider a previous judge-made drug-quantity finding that was necessary to trigger the statutory penalty. *Id.* "[J]ust as a movant [sentenced before *Apprendi*] may not use *Apprendi* to collaterally attack his sentence, he cannot rely on *Apprendi* to redefine his offense for purposes of a First Step Act motion." *Jones*, 962 F.3d at 1302 (internal citation omitted).

Lee was sentenced for conspiracy to distribute 654 grams of crack cocaine in 1994, six years before *Apprendi*. The district court was right to rely on that figure. Lee's 654 grams is above 50 grams and was thus enough—together with his two prior felony drug convictions—to trigger the mandatory term of life imprisonment to which he was sentenced in 1994. 21 U.S.C. § 841(b)(1)(A)(iii) (1994). Lee's sentence would've been exactly the same had sections 2 and 3 of the 2010 Fair Sentencing Act applied at the time. Therefore, the district court properly concluded that it didn't have authority to reduce Lee's sentence under the First Step Act. Accordingly, we affirm.

**AFFIRMED**.