[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13686
Non-Argument Calendar

_____

D.C. Docket No. 8:97-cr-00344-JDW-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN LEE COLLINS,
a.k.a. Block,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 21, 2021)

Before JORDAN, ANDERSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant John Lee Collins appeals the district court's denial in part of his

counseled motion for a sentence reduction under the First Step Act of 2018, Pub.

L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 ("First Step Act"). Because the

district court reasonably concluded that a reduction to his 360-month prison

sentence was unwarranted, we affirm.

## I.    BACKGROUND

In 1997, a federal grand jury indicted Defendant for distributing cocaine

base ("Count I") and distributing heroin ("Count II"), both in violation of 21

U.S.C. § 841(a)(1). Before trial, the Government filed an information under 21

U.S.C. § 851(a)(1) indicating that it intended to seek an enhanced punishment due

to Defendant's prior felony conviction for cocaine possession. At a trial in March

1998, a jury convicted Defendant on both counts without making a drug-quantity

finding.

A probation officer prepared a presentence investigation report, which noted

that, because Defendant had a prior conviction for a felony drug offense, he faced

20 years' to life imprisonment and at least ten years' supervised release for

Count I, under 21 U.S.C. § 841(b)(1)(A),[1] and a 30-year maximum prison term and

at least six years of supervised release for Count II, under 21 U.S.C.

§ 841(b)(1)(C). The probation officer stated that Defendant's offense conduct

---

[1] At the time, § 841(b)(1)(A) provided the penalties for an offense involving 50 grams or more of crack cocaine. 21 U.S.C. § 841(b)(1)(A)(iii) (1996).

2

involved selling 133 grams of crack cocaine and 27.8 grams of heroin to a confidential informant. Converting these quantities into their marijuana equivalents, the probation officer concluded that Defendant was accountable for 2,687.8 kilograms of marijuana, which resulted in a base offense level of 32 under U.S.S.G § 2D1.1(c)(4). Because Defendant had sustained at least two prior felony convictions of either a crime of violence or a controlled substance offense, however, Defendant qualified as a career offender under U.S.S.G. § 4B1.1.[2] As a career offender facing a statutory maximum of life in prison, Defendant's total offense level under U.S.S.G. § 4B1.1 was 37. Turning to Defendant's criminal history, the probation officer concluded that Defendant had a criminal-history category of VI for two independent reasons: (1) Defendant had 13 or more criminal-history points, placing him in category VI under Chapter 5's sentencing table; and (2) Defendant qualified as a career offender under U.S.S.G. § 4B1.1. Based on a total offense level of 37 and a criminal-history category of VI, Defendant's guideline range was 360 months' to life imprisonment, ten years' supervised release for Count I, and six years' supervised release for Count II.

---

[2] The presentence investigation report stated that Defendant had three predicate convictions from Florida: burglary, robbery, and battery on a law enforcement officer.

At sentencing in May 2000, Defendant offered no objections to the presentence investigation report, and the court adopted its guideline calculations.[3] Sentencing Defendant at the low end of the guideline range, the court imposed concurrent 360-month terms of imprisonment for Counts I and II, and concurrent ten-year and six-year terms of supervised release for Counts I and II, respectively. The court noted that the sentence was adequate and met the statutory purposes of sentencing.

On direct appeal, Defendant argued among other things that the sentencing court erred under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) in sentencing him based on a prior felony drug conviction and a quantity of drugs not alleged in the indictment or proven to a jury beyond a reasonable doubt. We rejected this argument, concluding that the sentencing court did not plainly err because a prior conviction need not be alleged in the indictment and proven to a jury, and regardless of drug quantity Defendant was sentenced within 21 U.S.C. § 841(b)(1)(C)'s 30-year maximum prescribed for a person who commits a drug offense after sustaining a prior conviction for a felony drug offense.[4]

---

[3] The 1998 Sentencing Guidelines Manual was in effect at sentencing. Although the probation officer had prepared Defendant's presentence investigation report using the 1997 Sentencing Guidelines Manual, amendments to the Guidelines did not affect Defendant's guideline calculation.

[4] Defendant's prior felony drug offense was simple cocaine possession.

In March 2019, Defendant filed a counseled motion to reduce his sentence under the First Step Act. In an eligibility memorandum, the probation officer reported that Defendant was eligible for a First Step Act sentence reduction because retroactive application of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2–3, 124 Stat 2372, 2372 ("Fair Sentencing Act") reduced Count I's statutory minimum term of imprisonment from 20 to ten years, with a maximum of life imprisonment, and its term of supervised release from ten years to eight years. But because Defendant's amended guideline range did not change, the probation officer concluded that the First Step Act's only effect was to reduce Count I's term of supervised release to eight years.

In his motion, Defendant requested a sentence reduction to time served (approximately 264 months) and six years' supervised release. Defendant argued that his sentence was overly harsh, especially in light of the intervening changes in the law since its imposition in 2000, including *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), *Alleyne v. United States*, 570 U.S. 99, 103 (2013) (holding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury"), *United States v. Booker*, 543 U.S. 220, 264–65 (2005) (rendering the Sentencing

Guidelines advisory rather than mandatory), *Kimbrough v. United States*, 552 U.S. 85, 91 (2007) (holding that the sentencing court "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in determining whether a guideline sentence is appropriate), and §§ 2 and 3 of the Fair Sentencing Act (reducing disparities in penalties for crack and powder cocaine offenses). He argued that, if sentenced today, his statutory penalties could no longer be enhanced under § 841 because the jury never made a drug-quantity finding and his simple cocaine-possession conviction no longer qualified for a § 851 enhancement.[5] He further argued that, because his predicate convictions for battery on a law enforcement officer and burglary would no longer count as crimes of violence, the Guidelines' career-offender enhancement no longer applied. Given these changes in the law, Defendant contended that his guideline range under the current Guidelines would be only 120 to 150 months' imprisonment, based on a total offense level of 26 and a criminal-history category of VI.

The Government did not oppose a reduction of Defendant's supervised release to eight years for Count I. But it opposed any reduction to his prison sentence because the First Step Act lowered Defendant's mandatory minimum penalty for Count I without altering his guideline range or any other factor the

---

[5] Section 851 provides that a defendant's punishment may not be increased based on a prior conviction unless, before trial, the Government files an information identifying the conviction relied upon. 21 U.S.C. § 851(a)(1).

court had considered at sentencing. The Government acknowledged that, if Defendant received a fresh sentencing today, his prior felony conviction for cocaine possession would no longer qualify for a § 851 enhancement, and his prior convictions for burglary and battery on a law enforcement officer would no longer qualify for a career-offender enhancement. Accordingly, the Government stated that his revised guideline range would be 210 to 262 months' imprisonment, based on a total offense level of 32 and a criminal-history category of VI.[6] Nevertheless, the Government maintained that the First Step Act did not authorize a plenary resentencing.

The district court denied Defendant's motion, except that it reduced his term of supervised release on Count I to eight years. The court concluded that, although Defendant was eligible for a sentence reduction under the First Step Act because the Fair Sentencing Act had lowered his minimum prison sentence on Count I, a sentence reduction was unwarranted because "the minimum penalty had no bearing on his sentence" as to Count I. The court further noted that the First Step Act did not change the penalty for Count II and that Defendant's guideline range remained the same. "Regardless," the court concluded, a sentence reduction was

---

[6] While Defendant and the Government did not spell out how they arrived at their revised total-offense-level calculations, it appears that they calculated different total offense levels because Defendant used the drug-conversion table from the current Guidelines whereas the Government used the drug-equivalency table from the 1998 Guidelines, which were in effect at Defendant's original sentencing.

unwarranted in light of the 18 U.S.C. § 3553(a) factors, "particularly the seriousness of the offenses, and the need to promote respect for the law and deterrence." Although the Government had conceded that, if sentenced today, Defendant would not qualify as a career offender or be subject to a § 851 enhancement based on his prior cocaine-possession conviction, the court declined to consider changes in the law other than retroactive application of the Fair Sentencing Act because the First Step Act did not authorize it to revisit such issues. Defendant appealed the partial denial of his motion.

## II.    DISCUSSION

On appeal, Defendant argues that the district court abused its discretion in denying a reduction of his prison sentence under the First Step Act because the court (1) applied the wrong penalty provision under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), (2) miscalculated the revised guideline range, and (3) failed to afford consideration to relevant § 3553(a) factors. We review a district court's authority to reduce a sentence under the First Step Act *de novo* and its decision not to reduce an eligible defendant's sentence for an abuse of discretion. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). Because the district court reasonably concluded that a sentence reduction was unwarranted and our recent precedents foreclose Defendant's arguments on appeal, we affirm.

8

In 2000, when Defendant was sentenced, "the statutory penalties for drug-trafficking offenses involving crack cocaine were the same as the statutory penalties for drug-trafficking offenses involving 100 times as much powder cocaine." *Id.* The Fair Sentencing Act of 2010 amended the penalties for crack-cocaine offenses, increasing the quantity of crack cocaine necessary to trigger the higher penalties in 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii) for defendants sentenced on or after the Act's effective date. *Id.* at 1297.

"When Congress enacted the First Step Act of 2018, it granted district courts discretion to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act." *Id.* Under the First Step Act, a district court that has "imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b).

In *Jones*, we established a two-part framework for determining whether a defendant is eligible for a sentence reduction under § 404(b) of the First Step Act. *United States v. Russell*, 994 F.3d 1230, 1238 (11th Cir. 2021). First, a court must determine whether the defendant was sentenced for a "covered offense." *Jones*, 962 F.3d at 1303. A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." First

Step Act § 404(a). Thus, a defendant "has a 'covered offense' if his offense triggered a statutory penalty that has since been modified by the Fair Sentencing Act." *Jones*, 962 F.3d at 1298. Second, because a court may reduce a sentence only "as if" §§ 2 and 3 of the Fair Sentencing Act were in effect when the defendant committed the covered offense, the court must determine whether the defendant "received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." *Id.* at 1303. "If the [defendant's] sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the [defendant's] sentence." *Id.*

Here, there is no dispute that Defendant was eligible for a sentence reduction on Count I under *Jones*'s two-part framework. First, Defendant's conviction for distributing crack cocaine qualified as a "covered offense." First Step Act § 404(a). Because the sentencing court found that Defendant had distributed 133 grams of crack cocaine, his offense fell under 21 U.S.C. § 841(b)(1)(A)(iii), which carried a 20-year minimum penalty for distributing 50 grams or more of cocaine base after sustaining a prior conviction for a felony drug offense. 21 U.S.C. § 841(b)(1)(A)(iii) (1996). Under the Fair Sentencing Act, however, the same offense would have fallen under 21 U.S.C. § 841(b)(1)(B)(iii)'s penalty provision for distributing 28 grams or more of cocaine base, with a minimum prison sentence

of only ten years.   21 U.S.C. § 841(b)(1)(B)(iii) (2010).  Because Defendant's offense triggered a statutory penalty modified by the Fair Sentencing Act, it was a "covered offense." *Jones*, 962 F.3d at 1298.  Second, Defendant was not sentenced "as if" the Fair Sentencing Act had been in effect when he committed the offense because his sentence (30 years) was higher than the lowest statutory penalty available under the Fair Sentencing Act (ten years).  First Step Act § 404(b); *see Jones*, 962 F.3d at 1303.  The district court, therefore, correctly determined that Defendant was eligible for a sentence reduction as to Count I under the First Step Act.

But although the district court had authority to reduce Defendant's sentence, "it was not required to do so" and "had wide latitude in deciding whether to exercise its discretion." *Russell*, 994 F.3d at 1238–39 (quotation marks omitted).  In ruling on Defendant's motion, the court was merely required to give "reasoned consideration" to Defendant's arguments and "adequately explain its discretionary determination in order to allow for meaningful appellate review." *United States v. Stevens*, 997 F.3d 1307, 1318 (11th Cir. 2021).  It did just that, explaining that a reduction to Defendant's prison sentence was unwarranted because (1) Count I's 20-year minimum penalty had no bearing on his original sentence, which was based on the 360-month-to-life guideline range, (2) the First Step Act did not change his guideline range, and (3) in any event, the seriousness of the offense and

11

the need to promote respect for the law and deterrence warranted a 360-month sentence.

Although Defendant challenges the district court's ruling on several grounds, our recent precedents decided after the parties briefed this case foreclose his arguments. First, he argues that, in determining his statutory range under the First Step Act, the district court failed to take into account an *Apprendi* error, namely, the fact that he was not charged with, and a jury did not find, a specific drug quantity. Absent a drug quantity, Defendant argues that the court should have applied 21 U.S.C. § 841(b)(1)(C), which provides for a statutory maximum of 30 years' imprisonment for a person who sold crack cocaine after sustaining a conviction for a felony drug offense, rather than 21 U.S.C. § 841(b)(1)(B), which provides for a statutory range of ten years' to life imprisonment for such a person who has sold 28 grams or more of crack cocaine.[7]

After the parties briefed this case, however, we held in *Jones* that a defendant "cannot rely on *Apprendi* to redefine his offense for purposes of a First Step Act motion." *Jones*, 962 F.3d at 1302. Accordingly, Defendant's argument is now foreclosed. "Under *Jones*, if a [defendant] was sentenced before

---

[7] These statutory ranges are relevant in calculating Defendant's offense level under the Sentencing Guidelines. A career offender with a 30-year maximum prison sentence has an offense level of 34, whereas a career offender facing up to life imprisonment has an offense level of 37. U.S.S.G. § 4B1.1.

the Supreme Court's decision in *Apprendi*, the court generally can look to a drug-quantity finding made by the sentencing judge because that determination was used to set the [defendant's] statutory penalty range." *Russell*, 994 F.3d at 1237 n.7. That is what the district court did here. The presentence investigation report's unobjected-to statement that Defendant had sold 133 grams of crack cocaine determined Defendant's statutory penalty range when he was originally sentenced. Thus, the district court correctly determined that, under the First Step Act, Defendant's offense now fell under 21 U.S.C. § 841(b)(1)(B), the penalty provision for an offense involving 28 grams or more of crack cocaine. Because Defendant had a prior conviction for a felony drug offense, his statutory range was ten years to life, as the district court correctly found. 21 U.S.C. § 841(b)(1)(B).

Defendant next faults the district court for declining to reconsider his status as a career offender when determining that a reduction to the statutory minimum for Count I did not affect his guideline range.[8] Defendant contends that, because the First Step Act states that a court may "impose" a reduced sentence rather than "modify" a sentence, the court was required to consider the 18 U.S.C. § 3553(a) factors anew, including the Sentencing Guidelines in effect during the First Step Act proceeding. In effect, Defendant contends that the First Step Act entitled him

---

[8] As noted above, the Government conceded below that Defendant would not qualify as a career offender if sentenced today because two of his three prior felony convictions no longer constitute crimes of violence.

13

to a fresh sentencing hearing, with all the benefits of changes in the law that have accrued since his original sentencing.

We have since clarified, however, that "the First Step Act does not authorize the district court to conduct a plenary or *de novo* resentencing." *United States v. Taylor*, 982 F.3d 1295, 1302 (11th Cir. 2020) (quoting *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020)). "The authority to reduce [a defendant's] sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect when [the defendant] committed his offense does not permit the court to reduce [the defendant's] sentence on the covered offense based on changes in the law beyond those mandated by those sections." *Id.* (quotation marks omitted). Moreover, the district court "is not free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3 [of the Fair Sentencing Act]." *Denson*, 963 F.3d at 1089.

Here, the district court did not err in concluding that Defendant's guideline range remained unchanged under the First Step Act. The court lacked authority under the First Step Act to revisit Defendant's career-offender designation because §§ 2 and 3 of the Fair Sentencing Act had no bearing on whether his prior felony convictions qualified as crimes of violence or controlled substance offenses under U.S.S.G § 4B1.1. *Id.* The Fair Sentencing Act merely reduced Count I's statutory minimum penalties. *See* Fair Sentencing Act §§ 2–3. Further, the statutory

14

minimums did not factor into the guideline range. Rather, as a career offender, Defendant's guideline range was driven by Count I's statutory maximum of life imprisonment, which resulted in a total offense level of 37.[9] U.S.S.G. § 4B1.1. Retroactive application of the Fair Sentencing Act did not change the statutory maximum for Defendant's offense. The First Step Act therefore had no effect on Defendant's guideline range—a prison sentence of 360 months to life.

Finally, Defendant asserts that the the district court abused its discretion by failing to afford consideration to relevant § 3553(a) factors. Defendant, however, does not identify any such relevant factors, aside from the purported changes to his guideline range discussed above. In any event, we have since clarified that the First Step Act "does not mandate consideration of the § 3553(a) sentencing factors," although the court "*may* consider the § 3553(a) factors, as well as the probation office's submissions, post-sentence rehabilitation, post-imprisonment rehabilitation, or any other relevant facts and circumstances." *Stevens*, 997 F.3d at 1316, 1318 (emphasis added). The court need only explain its determination in a manner that permits meaningful appellate review. *Id.* at 1318. Here, the court did so, explaining that, although Defendant was eligible for a reduction to his prison sentence because retroactive application of the Fair Sentencing Act lowered his

---

[9] Defendant does not contend that the First Step Act changed his criminal-history category of VI, which remained the same because he had more than 13 criminal-history points. U.S.S.G. Ch.5, Pt.A, Sentencing Table.

statutory minimum, a reduction was unwarranted because the statutory minimum had no bearing on his sentence, the First Step Act did not change his guideline range, and the § 3553(a) factors, including the seriousness of the offense and the need for deterrence, justified a 360-month prison sentence for Count I. We discern no abuse of discretion in that determination.[10]

## III.  CONCLUSION

The district court did not abuse its discretion in denying Defendant's motion for a reduction of his prison sentence under the First Step Act. We therefore affirm the decision below.

**AFFIRMED.**

---

[10] As noted above, the district court granted a reduction of Defendant's term of supervised release on Count I to eight years. We do not address that determination because it is unchallenged on appeal.