[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14187

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER BERNARD WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:06-cr-00034-WLS-TQL-1

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

WILSON, Circuit Judge:

Christopher Williams, who was convicted in 2007 of distributing cocaine base (crack cocaine) within 1,000 feet of a public housing facility and school, appeals the district court's denial of his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. He argues that he was eligible for relief under the First Step Act because his 21 U.S.C. § 860(a) drug distribution conviction was a "covered offense" under § 404(a), given that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, modified § 860(a) by modifying the statute it cross-references, 21 U.S.C. § 841(b). After careful review, we find that Williams was not sentenced for a covered offense because the penalties for his offense, defined by 21 U.S.C. §§ 841(b)(1)(C) and 860(a), were not modified by the Fair Sentencing Act. Thus, we affirm the district court's denial of Williams's motion for sentence reduction.

I.

In 2006, a grand jury charged Williams with two counts of distribution of unspecified amounts of crack cocaine within 1,000 feet of a housing facility and school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a). Pursuant to a written plea agreement, Williams pled guilty to Count 1 in exchange for the government moving to dismiss Count 2. He stipulated that the

drug quantity attributable to him for calculating his guideline range was more than 500 milligrams but less than 1 gram of crack cocaine.

The presentence investigation report (PSI) described the offense conduct as follows. In 2005, undercover agents approached Williams on two separate occasions to purchase crack cocaine, which Williams sold to them. Both drug transactions occurred within 1,000 feet of housing facilities owned by a public housing facility and within 1,000 feet of a public elementary school.

The PSI assigned Williams a base offense level of 18 based on the stipulated amount of crack cocaine. He received a career offender sentencing enhancement, raising the offense level to 34. He then received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 31. The PSI noted that the statutory penalty was 1 to 40 years' imprisonment and at least six years of supervised release, pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 860(a). The guideline imprisonment range was 188 to 235 months. On March 14, 2007, the district court sentenced Williams to 200 months' imprisonment followed by six years of supervised release. On appeal, we affirmed his conviction and sentence. *United States v. Williams*, 231 F. App'x 936 (11th Cir. 2007). Williams's projected release date is August 4, 2022.

In June 2019, Williams filed a motion to reduce his sentence based on the First Step Act. Williams argued, in relevant part, that he had been convicted of a covered offense under the First Step Act because the penalties for the statute of his conviction were

modified by the Fair Sentencing Act.  He asserted that the Fair Sentencing Act may not have modified the text of § 841(b)(1)(C), but it did modify the weight range therein and increased the threshold weight.  He contended that § 2(a) of the Fair Sentencing Act thus modified all of § 841(b)(1)'s statutory penalties that applied to crack cocaine offenses.  He then averred that eligibility under the First Step Act did not depend on whether § 2 of the Fair Sentencing Act changed any statutory range of imprisonment in § 841(b)(1).

In October 2020, the district court denied Williams's motion.  Relying on the reasoning in one of our unpublished decisions,[1] the district court found that §§ 841(b)(1)(C) and 860(a) were not covered offenses under the First Step Act because § 2 of the Fair Sentencing Act had not modified the statutory penalties for § 841(b)(1)(C) and the penalties for Williams's offense had remained the same even after the passage of the Fair Sentencing Act.  It thus concluded that Williams was ineligible for First Step Act relief.  The district court also noted that his sentence of 200 months remained appropriate because Williams remained a career offender and the penalties of his crime had not changed, meaning that his guideline range was the same.

Williams timely filed a notice of appeal.  While Williams's appeal was pending, the Supreme Court granted certiorari in *Terry v. United States*. 141 S. Ct. 975 (2021).  The question presented in

---

[1] *United States v. Cunningham*, 824 F. App'x 835 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2821 (2021).

*Terry* centered around "[w]hether pre-August 3, 2010, crack of-fenders sentenced under 21 U.S.C. § 841(b)(1)(C) have a 'covered offense' under Section 404 of the First Step Act."  On the parties' joint request, we held Williams's appeal in abeyance until the Supreme Court resolved *Terry*.  In June 2021, the Supreme Court issued its opinion in *Terry v. United States*, 141 S. Ct. 1858 (2021).

## II.

We review de novo questions of statutory interpretation and whether a district court had authority to modify a term of imprisonment.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021).  We review for an abuse of discretion the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act.  *Id.*

Although district courts lack the inherent authority to modify a term of imprisonment, 18 U.S.C. § 3582(c), the First Step Act expressly permits them to reduce a previously imposed term of imprisonment pursuant to its provisions, *Jones*, 962 F.3d at 1297.

## III.

On appeal, Williams argues that, because his 21 U.S.C. § 860(a) conviction was a "covered offense" under the First Step Act given that the Fair Sentencing Act modified § 860(a) by modifying 21 U.S.C. § 841(b), the district court erred in finding him ineligible for a sentence reduction.  We disagree.

Section 841 contains two subsections: "Subsection (a) makes it unlawful to knowingly or intentionally possess with intent to

distribute any controlled substance. Subsection (b) lists additional facts that, if proved, trigger penalties." *Terry*, 141 S. Ct. at 1862. Before 2010, a violation under 21 U.S.C. § 841(a) carried a mandatory-minimum penalty of 10 years' imprisonment if the offense involved at least 50 grams of crack cocaine. 21 U.S.C. § 841(b)(1)(A) (2006). And under the next provision, § 841(b)(1)(B), a § 841(a) violation carried a mandatory-minimum penalty of five years' imprisonment for at least 5 grams of crack cocaine. *Id.* § 841(b)(1)(B) (2006). By contrast, § 841(b)(1)(C) previously imposed "a third penalty—possession with intent to distribute an unspecified amount of a schedule I or II drug—that" carried a maximum penalty of 20 years' imprisonment, "did not treat crack and powder offenses differently, did not depend on drug quantity, and did not include a mandatory minimum." *Terry*, 141 S. Ct. at 1860–61; 21 U.S.C. § 841(b)(1)(C) (2006). Crack cocaine is a Schedule II drug. *See* 21 U.S.C. § 812, Sched. II(a)(4).

Any individual who violates § 841(a) within 1,000 feet of a public housing facility or school is subject to "twice the maximum punishment authorized by [§] 841(b)" and a mandatory minimum sentence of one year, unless "a greater minimum sentence is otherwise provided by [§] 841(b)." 21 U.S.C. § 860(a).

The Fair Sentencing Act, enacted in August 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. *See Dorsey v. United States*, 567 U.S. 260, 268–70 (2012) (detailing the Act's history). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine

necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and to trigger a five-year mandatory minimum from five grams to 28 grams.  Fair Sentencing Act § 2(a)(1)–(2); *see also* 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii).  Nothing in the Act expressly changed § 841(b)(1)(C).  And the Act was not initially made retroactive to defendants sentenced before its enactment.  *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (per curiam).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses under the Fair Sentencing Act.  *See* First Step Act § 404.  Under § 404(b) of the First Step Act, "[a] court that imposed a sentence *for a covered offense* may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  *Id.* § 404(b) (emphasis added).  The statute defines "covered offense" as "a violation of a Federal criminal statute, *the statutory penalties for which were modified* by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010."  *Id.* § 404(a) (emphasis added).  The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  *Id.* § 404(c).

In *Jones*, we held that a crack-cocaine conviction was a "covered offense" under First Step Act § 404(a) if it "triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)," which were modified by § 2 of the Fair Sentencing Act.  962 F.3d at 1301.  Therefore, a movant could be eligible for relief under § 404(a) even if he would

be subject to the same statutory sentencing range if sentenced now. *See id.* at 1302–03; *see also United States v. Taylor*, 982 F.3d 1295, 1300–01 (11th Cir. 2020).

We did not expressly determine in *Jones* whether the Fair Sentencing Act also modified § 841(b)(1)(C). But soon thereafter in *Terry*, the Supreme Court concluded that § 841(b)(1)(C) offenses were not "covered offenses" under the First Step Act. 141 S. Ct. at 1863–64. Instead, the Supreme Court reasoned that whether an offense is so covered turns on whether the Fair Sentencing Act modified the penalties for the particular elements of the petitioner's offense. *Id.* at 1862. The pre-2010 versions of § 841(a) and (b) created three distinct offenses, criminalizing the knowing or intentional possession with intent to distribute or distribution of: (1) at least 50 grams of crack cocaine, § 841(a), (b)(1)(A)(iii) (2006); (2) at least five grams of crack cocaine, § 841(a), (b)(1)(B)(iii) (2006); and (3) any amount of a schedule I or II drug, § 841(a), (b)(1)(C) (2006). *Terry*, 141 S. Ct. at 1862. The Supreme Court stated that, by increasing the "triggering quantities" for each of the first two offenses, the Fair Sentencing Act "modified" the statutory penalties for those offenses but left unchanged the statutory penalties for the final offense; thus, the final offense, § 841(b)(1)(C), was not covered. *Id.* at 1863.

Williams argues that § 860(a) incorporates § 841(b) entirely, but the Supreme Court rejected a similar argument in *Terry* that a § 841(b)(1)(C) offense is a covered offense because the Fair Sentencing Act modified other parts of § 841(b) as to crack cocaine offenses.

*Id.* In fact, whether an element's offenses are spread across multiple sections or subsections of the U.S. Code is not relevant. *United States v. Arline*, No. 20-12229, 2021 WL 5626342, at \*2 (11th Cir. Dec. 1, 2021) (citing *Terry*, 141 S. Ct. at 1862). The proper inquiry is whether the offense—defined by its elements—was modified by the Fair Sentencing Act. *Id.*

To this point, Williams contends that the penalties for his offense were modified because § 860(a) refers to the penalties authorized by § 841(b), which were themselves modified. But this argument disregards that the specific § 841(b)(1)(C) offense for which Williams was penalized includes no quantity element—the precise parts of § 841(b)(1)(A)(iii) and (b)(1)(B)(iii) that were modified by the Fair Sentencing Act. *See Terry*, 141 S. Ct. at 1863. Further, his indictment did not reference a specific drug amount, and although he stipulated to a drug amount, the district court did not base its enhancement of Williams's sentence on that.

Although *Terry* did not address § 860(a), the Supreme Court's reasoning therein supports finding that Williams's conviction under §§ 841(b)(1)(C) and 860(a) was not a covered offense under § 404 because the penalty for his offense was set by § 841(b)(1)(C), which the Fair Sentencing Act did not alter. *Id.* at 1863. And none of the distinctions between the offense defined by § 841(a) and (b)(1)(C) and Williams's offense were affected by the Fair Sentencing Act nor central to the holding in *Terry*. For these reasons, Williams fails to show that the district court erred in finding that he was not eligible for relief under the First Step Act.

Additionally, there is no indication that *Jones*'s instructions on determining a "covered offense" are at odds with *Terry*, especially considering that *Jones* did not expressly resolve whether the Fair Sentencing Act also modified § 841(b)(1)(C).  The language in *Jones* indicating that a defendant *could* have been sentenced for a covered offense if his statutory penalties remained the same now, 962 F.3d at 1302–03, does not mean that Williams, whose statutory penalties were not modified, is indeed eligible for a reduction.  And because we find that Williams fails to show that he was sentenced for a covered offense, we need not reach his argument that he is eligible for relief under the "as if" clause of the First Step Act.  *See* First Step Act § 404(b) ("A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.").

## IV.

The district court did not err in concluding that Williams was not sentenced for a covered offense under *Terry* because the penalties for his offense were defined by 21 U.S.C. §§ 841(b)(1)(C) and 860(a) and the penalties in § 841(b)(1)(C) were not modified by the Fair Sentencing Act.

**AFFIRMED.**