[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10642

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEXTER GRIFFIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:09-cr-00030-WLS-TQL-2

_____

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges

PER CURIAM:

This case concerns the power of courts to modify criminal sentences. Dexter Griffin appeals the District Court's denial of his motion for a sentence reduction under Section 404 of the First Step Act.[1] He first argues that his conviction for using a minor to distribute crack within 1,000 feet of a public housing facility,[2] is a "covered offense" under the First Step Act, so he was eligible for a sentence reduction. He contends that the District Court abused its discretion in denying his motion because it misunderstood his eligibility for a reduction under the Act. He further argues that he was not originally sentenced in accordance with the Fair Sentencing Act,[3] the "as if" clause in the First Step Act does not disqualify him for relief, and his requested relief is not moot. We disagree and affirm the judgment of the District Court below.

## I.

In December 2009, Griffin and two others were charged in a fifteen-count indictment. The indictment alleged several crimes relating to the trafficking of crack cocaine. Griffin was charged with six counts. Later that month, Griffin pled guilty to one count

---

[1] Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018).

[2] 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860(a), 860(c).

[3] Pub. L. No. 111-220, 124 Stat. 2372 (2010).

of using a minor to distribute crack near a public housing facility, located in Pelham, Georgia, in exchange for the dismissal of the other counts against him.

At the time of his sentencing, distributing crack within 1000 feet of public housing, while utilizing a minor, subjected Griffin to a maximum of 60 years of imprisonment, as well as a one-year mandatory minimum. 21 U.S.C. §§ 841(b)(1)(C), 860(a), (c). Griffin and the Government stipulated that the weight of the crack was less than three grams. The presentence report ("PSR") gave Griffin a base offense level of 26 under U.S.S.G. § 2D1.2. He received a 2-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, making his total offense level 28. The PSR gave him a criminal history category rating of VI, resulting in a Guidelines range of 140 months to 175 months, followed by at least 9 years of supervised release. The District Court adopted the PSR and sentenced Griffin to 157 months imprisonment and 9 years of supervised release. Griffin has filed a number of motions to reduce or commute his sentence, all of which the District Court has denied.

In early 2019, Griffin filed a *pro se* motion for a reduced sentence under the First Step Act, requesting an 80-month term of imprisonment and asking for appointed counsel. The probation office prepared a supplemental PSR, which reflected that the Guidelines did not change, even though the probation office believed that the First Step Act defined Griffin's offense as a "covered offense." At most, then, the District Court "could reduce the sentence within the range and could lower the term of supervised release." The

Government agreed that his conviction "may [have been] 'covered' under the First Step Act" but argued that he was ineligible for relief because his coverage did not affect his Guidelines range.

The District Court appointed a federal public defender to represent Griffin. Griffin, through his counsel, filed a supplemental First Step Act motion in October 2019. Griffin requested a new sentence of 118 months' imprisonment and 6 years of supervised release—which would end his prison stay because, at the time of filing his motion, Griffin had served 118 months.[4] He argued that he was entitled to a reduction because the offense was a "covered offense" under the First Step Act, even though he acknowledged that the First Step Act did not modify the penalties for his conviction. The Government responded that the Fair Sentencing Act did not modify the penalties given to Griffin under § 841(b)(1)(C), and so his offense was not a covered offense. Even if the First Step Act did apply, the Government argued that the First Step Act does not allow plenary resentencing, but only resentencing "as if" the Fair Sentencing Act was in effect at the time of Griffin's original sentencing. And because the Fair Sentencing Act did not reduce his Guidelines range, the Government argued that was not entitled to any resentencing.

The District Court denied Griffin's motion. It determined that it was bound by the express language of the First Step Act and

---

[4] Griffin was released from prison in August 2020 and began serving his term of supervised release, while his motion was pending at the District Court.

caselaw from our court to conclude that Griffin's offense was not a covered offense under the First Step Act. Accordingly, the Court determined that Griffin was ineligible for relief. It also determined that his request for a reduction of his term of imprisonment was moot because he began his term of supervised release in 2020. It concluded that he was not entitled to a reduction in his supervised release because, in addition to not qualifying, there was no change to his Guidelines range or offense level, he was a career offender, and his sentence of 157 months "remain[ed] appropriate." Griffin appealed the District Court's denial of his motion.

## II.

We review issues of statutory interpretation *de novo*, including whether a statute authorizes a district court to modify a term of imprisonment. *United States v. Williams*, 25 F.4th 1307, 1310 (11th Cir. 2022). We review for an abuse of discretion the district court's denial of an eligible defendant's request for a reduced sentence under the First Step Act. *Id.* A district court abuses its discretion when it misunderstands its authority to modify a sentence. *United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021).

## III.

Finality is "essential to the operation of our criminal justice system." *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021) (quoting *Teague v. Lane*, 489 U.S. 288, 309, 109 S. Ct. 1060, 1074 (1989)). Accordingly, district courts lack inherent authority to

modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). In some instances, the First Step Act permits district courts to reduce a previously imposed term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir.), *cert. denied*, 141 S. Ct. 2635 (2021). One such scenario involves the retroactive application of Fair Sentencing Act of 2010.

It is important to understand, first, what the Fair Sentencing Act did. The Fair Sentencing Act amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the disparity between sentences for crack and powder cocaine offenses, by modifying the quantity of crack-cocaine required to trigger additional statutory penalties. *Dorsey v. United States*, 567 U.S. 260, 268–69, 132 S. Ct. 2321, 2328–29 (2012); *Jones*, 962 F.3d at 1298. Relevant here, Section 841 defines crimes for possession of controlled substances with intent to distribute. Subsection 841(a) makes it unlawful to knowingly or intentionally possess any controlled substance with intent to distribute, whereas subsection 841(b) lists the penalties that apply if the government proves additional facts. 21 U.S.C. § 841(a), (b).

Section 841 defines three relevant distribution offenses involving crack-cocaine—divided by the quantities of drug that the government must prove under § 841(b). *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021). The first offense is § 841(b)(1)(A)(iii), which requires that a person (1) knowingly or intentionally possess with intent to distribute, (2) crack, of (3) at least 280 grams. *Id.* The second offense is § 841(b)(1)(B)(iii), which requires that a person (1)

knowingly or intentionally possess with intent to distribute, (2) crack, of (3) at least 28 grams. *Id.* The third offense is § 841(b)(1)(C), which requires that a person (1) knowingly or intentionally possess with intent to distribute, (2) some unspecified amount of a Schedule I or II drug (which includes crack). *Id.*; *see* 21 U.S.C. § 812, Sched. II(a)(4) (listing crack-cocaine as a Schedule II drug).[5] The Fair Sentencing Act changed the triggering mechanism for the penalties for the first two offenses—by increasing the quantity of crack necessary to trigger the penalties of those subsections. It raised the amount to trigger the first offense, § 841(b)(1)(A)(iii), from 50 grams to 280 grams of crack, and the amount to trigger the second offense, § 841(b)(1)(B)(iii), from 5 grams to 28 grams of crack. But the Fair Sentencing Act did not change the third offense, § 841(b)(1)(C), because there was never a quantity threshold to begin with. *Terry*, 141 S. Ct. at 1862.

The Supreme Court, though, held that the Fair Sentencing Act did not apply to sentencing proceedings for criminal conduct that predated the Act. *Dorsey*, 567 U.S. at 280–81, 132 S. Ct. at 2335. To fix this, Congress created the First Step Act to retroactively apply the statutory penalties for "covered offenses" under the Fair Sentencing Act. *See* First Step Act § 404(a). Section 404 of the First Step Act states,

---

[5] Because Griffin stipulated that he possessed less than three grams of crack, his conviction falls under the third type of offense, § 841(b)(1)(C).

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.— A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111– 220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

§ 404. So, a sentencing court may impose a retroactive Fair Sentencing Act sentence—"as if" the Fair Sentencing Act was in effect at the time of the movant's sentencing—if the defendant was convicted of a "covered offense." § 404(b). A movant's offense is a "covered offense" if he was convicted of a crack cocaine offense whose penalties were modified by "section two or three of the Fair Sentencing Act." *Id.* § 404(a); *Jones*, 962 F.3d at 1298, 1301. As noted above, the Fair Sentencing Act only modified the first two crack offenses, § 841(b)(1)(A)(iii) and § 841(b)(1)(B)(iii), but did not modify § 841(b)(1)(C). *Terry*, 141 S. Ct. at 1862. Accordingly, the First Step Act does not apply to the third crack offense, § 841(b)(1)(C).

In deciding whether a movant's offense is covered, the district court "must consult the record, including the movant's charg-

ing document, the jury verdict or guilty plea, the sentencing record, and the final judgment." *Jones*, 962 F.3d at 1300–01.  The First Step Act does not authorize a district court to conduct a plenary or *de novo* resentencing in which it reconsiders Sentencing Guidelines calculations unaffected by Sections 2 and 3 of the Fair Sentencing Act or to change the defendant's sentences on counts that are not covered offenses. *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020).

Finally, earlier this year, we explicitly held in *Williams* that § 841(b)(1)(C) is not a covered offense—addressing very similar arguments to the ones made here.  In *Williams*, the defendant was convicted of selling crack-cocaine within 1,000 feet of a "public housing facility and school" and given an enhanced penalty under § 860(a).  25 F.4th at 1308–09.  The defendant argued that the Fair Sentencing Act modified his offense because § 860(a) references and incorporates § 841(b) in its entirety, and (as noted above) there are some subsections of § 841(b) that were modified by the Fair Sentencing Act.[6]  *Id.* at 1310, 1312.  However, we held that the district court did not err in determining that the defendant's conviction was not a covered offense because the Fair Sentencing Act did

---

[6] Section 860(a) states, in part, that a person who "violates section 841(a)(1)" by possessing a controlled substance with intent to distribute within 1000 feet of a "public housing" facility is "subject to (1) twice the maximum punishment authorized by section 841(b);" and "(2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense." 21 U.S.C. § 860(a)

not alter the penalties for his specific offense, which were set by § 841(b)(1)(C). *Id.* at 1312. It did not matter that § 860(a) referred to § 841(b) generally. *Id.* We also stated that the Supreme Court's reasoning in *Terry* supported this conclusion.[7] *Id.* Although it did not discuss § 860, the Court in *Terry* concluded that "[t]he Fair Sentencing Act did not modify the statutory penalties" of "petitioner's offense" under § 841(b)(1)(C), and so it was not a covered offense. *Terry*, 141 S. Ct. at 1862–63. We stated that *Terry* shows that what matters is whether the Fair Sentencing Act modified the "modified the penalties for the particular elements of the [defendant's] offense." *Williams*, 25 F.4th at 1311. Because the holding that the defendant's conviction was not a covered offense was dispositive, we did not reach the defendant's argument regarding his eligibility for relief under the First Step Act's "as if" clause. *Id.* at 1312.

## IV.

On appeal, Griffin argues that the District Court was wrong. He argues first that the Fair Sentencing Act modified the statutory penalties under §§ 841, and 860(a) and (c), though he acknowledges that the Fair Sentencing Act did not "change the penalties appliable

---

[7] Under the prior precedent rule, we are bound to follow a prior binding precedent unless we overrule it *en banc* or the Supreme Court overrules it. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). The prior panel precedent rule applies even if the prior precedent is arguably flawed. *United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017). Accordingly, we must follow *Williams*.

21-10642               Opinion of the Court                    11

to Mr. Griffin's specific conduct." He also argues that he is not disqualified from a reduction under the First Step Act, even though the Act states that resentencing may only take place "as if" the Fair Sentencing Act was in effect at the time the "covered offense was committed."

However, under our binding precedent in *Williams*, Griffin is ineligible for a sentence reduction under § 404 of the First Step Act. *Williams* concluded that a conviction under §§ 841(b)(1)(C) and 860(a) was not covered. *Id.* The reference in § 860(a) to § 841(b)(1) writ large does not turn his offense—which was under § 841(b)(1)(C)—into a covered one. *Id.* at 1311. And because the covered offense issue is dispositive of any relief under the First Step Act, and because he does not seek any other form of relief, we need not address his other contentions. Accordingly, the order of the District Court is

    **AFFIRMED.**