[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-14273

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT WOODS,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:09-cr-00032-CDL-MSH-1

————————————

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Woods appeals the district court's denial of his counseled motion for a reduced sentence under Section 404 of the First Step Act of 2018 ("First Step Act").[1]  Woods argues that the district court abused its discretion in denying his motion because his conviction under 21 U.S.C. § 841(b)(1)(A)(iii) was a covered offense and he did not previously benefit from or receive the lowest sentence possible under the Fair Sentencing Act.  The parties agree that Woods qualified for relief under the First Step Act and that the district court appeared to misunderstand its authority to reduce Woods's sentence, thus abusing its discretion.  However, the parties disagree as to whether Woods's reduced sentence should be calculated based on the drug quantity in the charge to which he pleaded guilty or based on the amount that he conceded that he possessed.

We review *de novo* issues of statutory interpretation, including whether a statute authorizes a district court to modify a term of imprisonment.  *United States v. Williams*, 25 F.4th 1307, 1310 (11th Cir. 2022).  We review the denial of an eligible defendant's request for a reduced sentence under the First Step Act for an abuse of the district court's "broad discretion."  *See Concepcion v.*

---

[1] Pub. L. No. 115-391, § 404, 132 Stat. 5194

*United States*, 142 S. Ct. 2389, 2404 (2022).  A district court abuses its discretion when it misunderstands its authority to modify a sentence.  *United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021).

District courts lack inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).  The First Step Act permits district courts to reduce a previously imposed term of imprisonment. First Step Act § 404(b).

The Fair Sentencing Act, enacted in 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the disparity between sentences for crack and powder cocaine offenses.  *Dorsey v. United States*, 567 U.S. 260, 268 69 (2012).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a statutory sentencing range of 10 years to life imprisonment from 50 grams to 280 grams and the quantity necessary to trigger a statutory range of 5 to 40 years' imprisonment from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)(2).  In 2018, Congress enacted the First Step Act, which retroactively applies the statutory penalties for "covered offenses" under the Fair Sentencing Act.  *See* First Step Act § 404(a).  Thus, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act [] were in effect at the time the covered offense was committed."  *Id.* § 404(b).  A movant's offense is a "covered offense" if he was convicted of a crack cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii), if

"section two or three of the Fair Sentencing Act modified its statutory penalties," and if the offense was committed before August 3, 2010.  *Id.* § 404(a); *Concepcion*, 142 S. Ct. at 2401.  In 2012, the Supreme Court held that the Fair Sentencing Act and any related reduction in a defendant's Guidelines range applied to defendants who committed their crimes of conviction before the enactment of the Fair Sentencing Act but who were sentenced after its enactment.  *Dorsey*, 567 U.S. at 281.

In *Jones*, a consolidated case involving four appellants, this Court explained that a movant's satisfaction of the First Step Act's "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence.  *United States v. Jones*, 962 F.3d 1290, 1303 (11th Cir. 2020).   First, this Court held that the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act.  *Id.*  Second, this Court held that, "in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing."  *Id.*

Jackson was one of the four unrelated defendants whose cases were consolidated in our *Jones* opinion.  With respect to Jackson, the Supreme Court granted certiorari, vacated our decision with respect to Jackson, and remanded for further consideration in light of its decision in *Concepcion*.  Our new decision in *United States v. Jackson*, 58 F.4th 1331, 2023 WL 1501638 (11th Cir. Feb.

3, 2023), held: first, that the Supreme Court's decision in *Concepcion* did not abrogate our holding with respect to Jackson in *Jones* that "the district court [the First Step court] is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." *Jackson*, 2023 WL 1501638 at *5 (quoting *Jones*, 962 F.3d at 1303). Second, we held in our February 3, 2023, decision that "Jackson cannot use a motion for reduced sentence to correct an error based on *Apprendi.*" *Id.* at *3. With respect to our first holding in *Jackson*, we held that: "*Concepcion* does not alter our decision in *Jones*, which, unlike *Concepcion*, was concerned with an issue that arises before the sentencing court's discretion comes into play: determining how much of a drug the defendant possessed." *Id.* at *4 (citing *Jones*, 962 F.3d at 1303). With respect to our second holding in *Jackson*, we reaffirmed our holding in *Jones* that: "just as a movant may not use *Apprendi* to collaterally attack his sentence, he cannot rely on *Apprendi* to redefine his offense for purposes of a First Step Act motion." *Id.* at *5 (quoting *Jones*, 962 F.3d at 1302). Moreover, we went on to reject Jackson's argument that he could use *Apprendi* because it was decided while his direct appeal was pending. *Id.* (holding that "a First Step Act motion cannot masquerade as a direct appeal").

By changing the statutory penalties that defendants faced for certain drug convictions, the Fair Sentencing Act also changed the Guidelines ranges for some defendants categorized as career offenders. *See* U.S.S.G. § 4B1.1. A statutory maximum sentence of

life imprisonment for a career offender automatically renders an offense level of 37, while a statutory maximum sentence of 25 years or more produces an offense level of 34. *Id.* § 4B1.1(b). However, a defendant's Guidelines range is advisory, and he may be sentenced outside that range. *Gall v. United States*, 552 U.S. 38, 46 (2007).

In *United States v. Russell*, 994 F.3d 1230 (11th Cir. 2021), we remanded to the district court a defendant's motion under the First Step Act where the defendant had pleaded guilty to possessing with intent to distribute at least 50 grams of cocaine base. In the plea agreement Russell admitted "that his offense involved 441.2 grams of crack cocaine." 994 F.3d at 1235. The parties disagreed about which amount should be used to determine what the lowest statutory penalty would have been if the defendant had been sentenced under the Fair Sentencing Act. *Id.* at 1238 n.8. With Russell's prior felony conviction, the 50-gram amount rendered a minimum statutory penalty of 10 years' (120 months) imprisonment; for the 441.2 amount, the minimum would be 20 years (240 months). *Id.* However, because the defendant had been sentenced to 262 months, both were lower than what he received, making him eligible for relief. *Id.* Thus, the *Russell* court declined to decide which measure to use. *Id.* It held that it need not resolve the drug amount issue because the issue before the Eleventh Circuit panel was whether Russell had already received the lowest sentence available under the Fair Sentencing Act. That is, the issue was whether the district court had authority to reduce Russell's

sentence under the First Step Act, an issue about which the district court had been ambiguous.  The Eleventh Circuit panel held that it need not resolve whether to use 50 grams or 441.2 grams for purposes of the eligibility decision.  The reason was the statutory mandatory minimum sentence under the Fair Sentencing Act was 10 years (120 months) if 50 grams was used, and was 20 years (240 months) if 441.2 grams was used.  And as noted above, the 262-month sentence that Russell was already serving was more that either mandatory minimum amount.  *See id.* at 1238 n.8.

The situation in *Russell* is almost identical to situation of Woods in this case.  Like Russell, Woods pleaded guilty after *Apprendi* was decided to an indictment charging possession of 50 grams of cocaine base with intent to distribute.  Woods specifically agreed in his Plea Agreement (Dist. Ct. Doc. 48 at 8) that he was found in possession of 285 grams of cocaine base which he intended to distribute.  His presentence investigation report ("PSI") adopted the 285 grams amount.  Because Woods was a career offender facing a statutory maximum term of imprisonment, the PSI calculated Woods' offense level at 37 (reduced by 3 for acceptance of responsibility to 34) and a Guidelines range of 262 months to 327 months.  Woods filed one objection to the PSI which did not undermine his agreement to the 285-gram amount.  In Woods' original sentencing, the court used the calculations in the PSI which were based on the agreed-upon 285gram amount.  Thus, the sentencing court implicitly found that the 285-gram amount was the appropriate drug amount for which Woods was responsible.

In its brief on appeal, the Government makes a series of concessions that lead it to recommend that we simply remand this case to the district court for reconsideration. The Government's concessions include: 1) that Woods' offense was a "covered offense" under the First Step Act; 2) that, contrary to the district court's previous apparent belief, Woods had not benefitted from the Fair Sentencing Act at his original sentencing; 3) that Woods has not made a previous motion under the First Step Act; 4) that Woods' extant sentence of 262 months was not the lowest statutory penalty available to him under the Fair Sentencing Act so that Woods was eligible for a reduction of his sentence under the First Step Act;[2] and 5) finally, and significantly, the Government concedes on appeal that the district court's order in the First Step Act proceedings is ambiguous as to whether or not the district court understood that it did have authority to reduce Woods' sentence.

The only relevant matter about which the parties disagree is the proper drug amount to be used in calculating Woods' statutory penalty range under the Fair Sentencing Act. Woods argues that he was sentenced post-*Apprendi* and that the proper amount to be used is the 50-gram drug amount charged in the indictment to which he pleaded guilty. The Government argues that the proper

---

[2] The Government suggests that, applying the Fair Sentencing Act, and assuming Woods is responsible for 285 grams of cocaine base, Woods' statutory sentencing range would be 10 years (120 months) to life imprisonment. Because Woods' extant sentence of 262 months is well above that statutory minimum, there is obviously room to reduce Woods' sentence.

21-14273                Opinion of the Court                9

drug amount to be used is the 285-gram amount to which Woods explicitly agreed in the Plea Agreement.

As in *Russell*, the issue before us is whether this case must be remanded because the district court misunderstood its authority to reduce Woods' sentence. And, as in *Russell*, we need not resolve the proper drug amount issue about which the parties disagree. This is because, even if we use the larger, 285-gram amount, there is still ample room to reduce Woods' extant 262 month sentence to the 120-month mandatory minimum sentence which would be applicable even if the larger, 285 gram, amount is used. Only if the district court on remand is willing to entertain a sentence of less than 120 months for Woods will the issue of the proper drug amount have to be decided.[3]

We conclude that the First Step Act proceedings in the district court reveal that it is ambiguous whether or not the district court understood that it had authority to reduce Woods' sentence. Accepting the parties' agreement that this case should be remanded, and following the guidance in *Russell*, we vacate the judgment of the district court and remand for further proceedings.

VACATED AND REMANDED.

---

[3] In declining to decide the proper drug amount issue, we of course express no opinion on the merits thereof, or suggest that prior precedent provides no guidance as to the appropriate resolution thereof.