**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1084
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER HURD,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(District Court No. 1-18-cr-00029-001)
Honorable Leonard P. Stark, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 15, 2022

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: December 1, 2022)


_____

**OPINION**[*]
_____

---

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Christopher Hurd appeals the denial of his most recent motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). He argues the District Court erred by failing to apply the new test for such motions that we established in *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021), and, thus, the case should be remanded for consideration under the appropriate standard. For the reasons set forth below, we will affirm the District Court's order.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Hurd pleaded guilty to conspiracy to possess with intent to distribute furanyl fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. The District Court sentenced him to 120 months in prison, plus 36 months' supervised release. After Congress passed the First Step Act, Hurd filed two motions to reduce his sentence.

Hurd's first motion was denied using the four-step test set forth in *United States v. Vurgich*, under which Hurd had "(1) to exhaust administrative remedies, . . . (2) to show extraordinary and compelling circumstances, (3) to show an absence of dangerousness, and (4) to show that the section 3553(a) factors support a reduced sentence." *United States v. Vurgich*, No. 18-34-RGA, 2020 WL 4335783, at *3 (D. Del. July 28, 2020). The third step, requiring the absence of dangerousness, was drawn from the policy statement on compassionate-release motions at Section 1B1.13 of the United States Sentencing Guidelines. *See* U.S.S.G. § 1B1.13(2) & cmt. n.1 (U.S. Sent'g Comm'n 2018). The District Court found at that step that Hurd failed to establish that "his release would not pose a danger" to society. App. II 73. As a result, the Court did not conduct

2

an analysis of the sentencing factors under 18 U.S.C. § 3553(a) to see if they supported reducing Hurd's sentence as required at step four. Hurd filed a second, substantially similar motion for compassionate release, which the District Court again denied, largely referring back to its analysis of Hurd's first motion.

Between when Hurd filed the first and second motions, we decided *Andrews*, which changed the focus of the analysis, directing district courts to grant sentence reductions to eligible applicants if they "find[] that the sentence reduction is (1) warranted by extraordinary and compelling reasons; (2) consistent with applicable policy statements issued by the Sentencing Commission; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable." 12 F.4th at 258 (citations and internal quotation marks omitted). This made clear that the policy statement requiring the absence of dangerousness was nonbinding. *See id.* at 259. Nevertheless, the District Court rejected Hurd's second compassionate-release motion without expressly referencing *Andrews* or § 3553(a) and stated it was unconvinced "that Hurd would not pose a danger to society upon release." App. II 81. This timely appeal followed.

## II. DISCUSSION[1]

Hurd contends that the District Court abused its discretion[2] by applying *Vurgich* and U.S.S.G. § 1B1.13 instead of *Andrews* and the § 3553(a) factors. We are skeptical that the District Court erred in that regard, as its second opinion did not cite to *Vurgich* and, on the whole, appears to give adequate consideration to the § 3553(a) factors.[3] *See United States v. Kibble*, 992 F.3d 326, 331–32 (4th Cir. 2021) (finding no abuse of

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

[2] We review the District Court's denial of compassionate release for abuse of discretion. *United States v. Shields*, 48 F.4th 183, 189 (3d Cir. 2022). Relying on *United States v. Easter*, 975 F.3d 318, 322 (3d Cir. 2020), *abrogated in part on other grounds by Concepcion v. United States*, 142 S. Ct. 2389 (2022), Hurd argues that the appropriate standard of review is *de novo*. *Easter*, however, is inapplicable here, because we are not called upon to review a sentencing-related question of "statutory interpretation (i.e., the scope of the district court's legal authority)." *Id.* Rather, in a case like this, "[w]here a district court finds a defendant eligible for a sentence modification . . . but [] declines to reduce the sentence," abuse of discretion is the appropriate standard of review. *Shields*, 48 F.4th at 189. Even applying *de novo* review, however, we would still affirm for the reasons set forth below.

[3] The other purported errors that Hurd attributes to the District Court to support his argument also fall flat. First, under *Andrews*, courts are not precluded from considering dangerousness, either by looking to § 1B1.13's policy statements for guidance or as part of the § 3553(a) sentencing factors. *See Andrews*, 12 F.4th at 260. Second, there was no need for the District Court to consult every factor Congress set out in § 3553(a), as it needed to do so only "to the extent they are applicable." *Id.* at 258; *see also United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006) (requiring district courts only to give "meaningful consideration" to the factors and disclaiming any requirement that they "discuss and make findings as to each of the[m]"), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). Finally, the alignment between the District Court's analysis and the § 3553(a) factors confirms that it did not improperly treat § 1B1.13 as a binding part of the analysis, even if it considered dangerousness as a component of those factors.

4

discretion where the district court erroneously relied on § 1B1.13 but "considered the relevant § 3553(a) factors" nonetheless). But even if the Court mistakenly relied on *Vurgich*, any error was harmless on this record because the § 3553(a) factors overwhelmingly weigh against Hurd's release. *See United States v. Murphy*, 998 F.3d 549, 560 (3d Cir. 2021) (applying harmless-error analysis to a motion for a reduced sentence under the First Step Act), *as amended* (Aug. 4, 2021), *abrogated in part on other grounds by Concepcion*, 142 S. Ct. at 2389; *see also United States v. Wright*, 46 F.4th 938, 946–48 (9th Cir. 2022) (same); *United States v. Russell*, 994 F.3d 1230, 1240 (11th Cir. 2021) (declining to do the same but assuming that harmless error would be the proper standard).

Section 3553(a) requires a district court to "impose a sentence sufficient, but not greater than necessary" to accord with the factors that Congress listed in the statute. These include "the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A), (C).

Here, Hurd has an extensive criminal history going back almost two decades, and his drug dealing has led to at least one person's death. In addition, as the District Court noted, "Hurd [] failed to show his early release would not pose a danger to the community" and had a "record of 'hostility towards probation officers and repeated violations of court-ordered supervision.'" App. II 80–81. Thus, Hurd's history, § 3553(a)(1), the nature of the offense, *id.*, its seriousness, § 3553(a)(2)(A), deterrence,

§ 3553(a)(2)(B), and public safety, § 3553(a)(2)(C), all weigh against granting Hurd's motion.  Any error that the District Court may have committed was therefore harmless.

**III.  CONCLUSION**

For the foregoing reasons, we will affirm the judgment of the District Court.